## NEW AMSTERDAM CASUALTY CO v HOCKING VALLEY BRICK CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2099. Decided Oct 23, 1931

Booth, Keating, Pomerene & Boulger, Columbus, for plaintiff in error.

Henry G. Binns, Columbus, for defendant in error.

ALLREAD, J.

The first question presented is as to the liability of the Casualty Company in view of the notice given. It is claimed that the written notice is defective in not mentioning the number of bonds involved and the amounts upon each bond. It is claimed that this is a material matter and one involving the surety company's liability.

Counsel for the defendant in error claims that a recovery can be had upon the liability of the surety company as a common law bond and does not therefore depend upon the giving of the written notice. They cite as authority the cases of **Royal Indemnity Company vs Granite and Stone Company, 100 Oh St 173**, and **State ex rel Marble Cliff Company vs Wells, 100 Oh St 360.** We do not find it necessary to express an opinion upon this contention. We proceed to the consideration of the liability of the Casualty Company under the statute providing for the bond. It is claimed by the Casualty Company that the notice is a necessary prerequisite to the liability of the Casualty Company upon its statutory bond. In the first place it is claimed that the Casualty Company was misled by the statement in the written notice that it had a right to assume that there was only one bond and that the liability stated in the written notice was to cover that one bond. In looking over these bonds we reach the conclusion that that one bond concerned the New Holland delivery and another bond involved the delivery at Era and that the Casualty Company's liability was upon these bonds. It will be observed that in the written notice there was a reference to "these contracts". Under the statute each contract of necessity carried with it a bond. The word contracts must apply to the previous words in the notice referring to the "Era" and New Holland contracts, which must apply to the delivery at those points. This notice should in our judgment be liberally construed as against the Casualty Company as the bondsmen.

It was held in the case of **Indemnity Company vs Granite Company, 100 Oh St 373-378** and **Bryant vs. Binding Company, 77 Oh St 90-99**, that in an action against a compensated surety that a liberal construction must be afforded in favor of the claimant. It appears from the record in the case that after the giving of the notice and within the 90 day periods providing for the notice, to-wit, August 1st, an agent of the Casualty Company, in pursuance to notices, examined the books of the Construction Company and either discovered or could have discovered the existence of the contracts and the giving of the separate bonds. This was well within the 90 day period. The agent of the Casualty Company thereupon wrote to the Brick Company advising them that the Construction Company would pay the indebtedness but in the letter gave no intimation that they would claim the defense now presented.

We cannot escape the conclusion that the Casualty. Company is bound for the indebtedness covering the two contracts.

In the case of **Southern Surety Company vs Schmidt et al in 117 Oh St 28**, the first proposition of the syllabus is "The statement required to be furnished to a surety by §2365-3 GC, need not be prepared with a particularity of detail required in a statement of account. It is sufficient if the statement advised the surety of the amount due and that it is for labor performed or materials furnished in the construction of the improvement for which the bond is given."

In this case it was held in discussing the proposition that a statement is more than a notice but is not required to be made with the particularity of a statement of account. It is stated in the opinion that "it only required that it be a statement of the amounts due." It is also stated in the opinion that "to hold that this statement wholly failed to meet the requirements of the statute, and to defeat the suit of Schmidt on that ground, would be a resort to a technicality which would not tend to increase the respect of the people or the borrower for the decisions of courts of last resort."

We therefore hold that this notice given under the circumstances in connection with the inspection by the agent of the Casualty Company of the books of the Construction Company was sufficient to advise the defendant that two bonds were given and that the amount due arose upon the work provided for by both bonds. Any other construction in our judgment, would put technicality above the substantial rights of the parties. We think the Court below was

right in so holding.

It is next contended that the court of Common Pleas erred in its ruling upon the special demurrer to the petition of the Construction Company,

The Construction Company and the Casualty Company were sued jointly in the Court of Common Pleas of Franklin County. Service was had upon the Casualty Company in Franklin County. Service was had upon the Construction Company in Pickaway County. The demurrer attempts to reach this alleged defect. We doubt very much whether the alleged defect in service can be reached by a special demurrer, but assuming that it can we reach the conclusion that the demurrer was properly overruled. The Casualty Company was sued in this county and a judgment rendered against it. There is therefore no defect in the service on the Construction Company.

A demurrer was filed with interrogatories which we think was properly overruled.

The next question relates to the motion to strike out some portions of the answers of the Casualty Company and the Construction Company. There is some doubt about the correctness of this ruling, but upon a careful consideration of the answers we are of opinion that there was no error so far as the ruling upon the motions was concerned. An amendment was subsequently made to the answers both of the Construction Company and of the Casualty Company. There was no limitation upon the right to make these amendments and none of the matter stricken from the original answers was attempted to be restated. Upon careful consideration of all the errors alleged we are of opinion that the judgment of the Court of Common Pleas was correct and should be affirmed.

HORNBECK and KUNKLE, JJ, concur.